## Commonwealth v. Ferris

*Desmond J. McTighe*, for defendant.

*Paul Beckert* and *Bernard E. DiJoseph*, for Commonwealth.

DANNEHOWER, P. J., March 10, 1959.—On October 1, 1956, petitioner, former Coroner of Bucks County, pleaded nolo contendere to 29 separate bills of indictment charging fraudulent conversion and was sentenced by the Hon. George C. Corson of this court, having obtained a change of venue from Bucks County to Montgomery County.

Petitioner was sentenced upon the third count of bill no. 132, November session, 1955, of Bucks County, to pay the costs of prosecution, a fine of $300 to the Commonwealth and imprisonment by separate or solitary confinement at labor in the Bucks County Prison for a period of not less than six months and not more than 23 months. Upon the remaining 28 bills of indictment to which petitioner pleaded nolo contendere as to the third count, sentence was suspended generally and petitioner was placed upon probation for a period of 23 months upon the 28 bills of indictment, upon the condition that costs are paid within 23 months from October 1, 1956.

There were a total of 63 bills of indictment returned against defendant by the grand jury, plus one of conspiracy. On March 1, 1957, upon petition of the District Attorney of Bucks County, Judge Corson nolle prossed all bills of indictment other than the 29 to which defendant pleaded nolo contendere.

On November 26, 1956, a bill of costs was filed, totaling $5,489.58. Upon petition of defendant, Russell J. T. Ferris, to reduce the costs of prosecution, a

hearing was held before Judge Corson to determine the costs legally chargeable to defendant. At the hearing, testimony was taken but before briefs were filed and a decision made, Judge Corson retired from the bench.

Petitioner contends that certain expenses for investigation of his office and his deputy, Goldfarb, are all charged against him in the bill of costs, that other costs are excessive, a duplication, and are not legally recoverable against him.

The questions involved are:

1. If necessary expenses of investigation, opening graves, handwriting experts and doctors, of separate criminal acts by two persons are assessed under the Act of 1923, should one of such persons be liable for the costs of the entire investigation?

2. Should a defendant in a criminal prosecution be taxed for the cost of each indictment returned against him, if all charges might have been included in one indictment?

3. Can the salary of a court stenographer and costs of the notes of testimony taken at the trial be legally included in the costs of prosecution and be assessed against a convicted defendant?

The District Attorney of Bucks County, with the aid of the State Police, had good cause to investigate the official conduct of the officer of Coroner of Bucks County, of which Russell J. T. Ferris was the duly elected coroner and William J. Goldfarb was the deputy coroner. Their criminal acts extended over a period of time and with respect to a great number of autopsies and views, and each was a separate crime committed on different days and with respect to different dead bodies.

The controller of Bucks County, Mr. Krupp, testified that the total amount paid out by the county in connection with the investigation of defendant, Ferris, and his deputy, Goldfarb, totaled $4,167.80, of which

$1,908.56 was spent for investigations as to Ferris alone and $2,259.24 was paid out for investigations as to both the coroner and his deputy, and that he is unable to itemize and separate the items comprising the $2,259.24 when the officers were investigating the activities of both. The warrants paid as to both have no reference to whether Ferris or Goldfarb was the one being investigated, but apply to the investigations of the coroner's office only.

Sergeant Stanton of the State Police testified as to the many days of investigation and did not keep a time record as to the periods spent in investigating the Ferris cases or the Goldfarb cases separately. He testified that there would be no way of breaking it down because "they would be working maybe three cases on Ferris and one on Goldfarb at the same time." His best estimate was that it would be fair to say that 75 percent of the time was spent on the Ferris cases and 25 percent was fairly allotted to the Goldfarb cases. If we give weight to the sergeant's estimate and we think he was exceedingly fair, we can arrive at a calculation of the investigation expenses designated on the warrants applying to the "Coroner's Office."

In the bill of costs in the Ferris case, the Commonwealth charged as one of the items $4,167.80, "Coroner's Investigation Fees". This entire amount was charged to Ferris alone.

The Commonwealth and county contend that Ferris should pay this item, because this was a necessary investigation of the coroner's office and he was the coroner, whose wrongdoing started the investigation, that the prosecution and conviction of the deputy coroner, Goldfarb, was a byproduct of the overall investigation and that the Commonwealth should not be required to break down the costs between the coroner and his deputy who were separately indicted, tried and convicted.

Defendant contends that he should only pay his pro-rata share of the total cost directly attributable to the investigation of his own activities.

It is clear that costs are a matter of statutory law, not recoverable at common law, and we must look to statutes for authority to impose costs upon a defendant: Commonwealth v. Boyer, 13 D. & C. 254; Commonwealth v. Cooper, D. & C. 358.

The statutory authority for imposing costs on defendant is the Act of June 29, 1923, P. L. 973, as reenacted by the Act of August 9, 1955, P. L. 323, sec. 1, 16 PS §1403, which provides:

"All necessary expenses incurred by the district attorney of any county of this Commonwealth or his assistants, or any officer directed by him, in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, shall be paid by the respective counties, out of moneys in the county treasury, upon the approval of the bill of expense by the district attorney and the court of their respective counties. And in cases where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney, in connection with such prosecution, shall be considered a part of the costs of the cases and be paid by the defendant."

We cannot agree with the Commonwealth that all costs of investigation are chargeable to defendant, regardless of the fact that admittedly part of these costs were expended in investigating the activities of Deputy Coroner Goldfarb.

From a careful review of the notes of testimony and briefs, it is clear that any apportionment of costs of investigation between Ferris and Goldfarb are not capable of exact mathematical certainty. Since the cost of investigation as to both is $2,259.24, if we take Sergeant Stanton's estimate that 75 percent of the

time was spent on the Ferris cases, we would arrive at a sum of $1,694.43 for Ferris and if we add this sum to the warrants applying to Ferris only, in the sum of $1,908.56, we arrive at a total chargeable to Ferris of $3,602.99 for costs of investigation as to him only.

Petitioner also raises the point that since 34 of the bills of indictment were nolle prossed, he should only pay that portion of the expenses which 29 bears to 63, the total number of bills returned against him. As petitioner points out, under the Act of 1923, supra, costs are chargeable to a defendant only when he is *"convicted and sentenced."* Obviously a percentage of the total investigation time applying to Ferris was spent on those cases which were nolle prossed, and under the statute a defendant is only liable for expenses chargeable to "convictions" and cases which are nolle prossed cannot be considered "convictions."

Therefore, having no other guide, we will follow petitioner's suggestion and reduce the total investigation expense by charging petitioner with that percentage of the total which 29 bills bears to 63, the total number of bills returned against him, or 46 percent of $3,602.99, which amounts to $1,657.37.

Petitioner further alleges that certain other costs charged to him are a duplication and therefore unlawful. We do not agree. Under the Act of May 10, 1905, P. L. 34, sec. 1, 19 PS §1293, it is unlawful to duplicate ". . . any return, complaint, information, indictment, warrant, subpoena, or other writ against any person or persons charged with the commission of any criminal offense or offenses, *committed at one and the same time or growing out of one and the same transaction.* . . ." (Italics supplied.)

Petitioner has not shown that the offenses for which he was indicted were committed at the same time or grew out of the same transaction. On the contrary it

appears that each was a separate offense, occurring over a period of time while petitioner was the Coroner of Bucks County. Therefore it was entirely proper for the Commonwealth to draw separate bills of indictment for each offense and for the magistrate to make a separate transcript for each indictment.

Finally, we agree that costs cannot be levied against a defendant without specific statutory authority. However, we do not agree with petitioner's allegation that sheriff's fees, deputy clerk and tipstaff expenses are without statutory authority. It is true the Act of 1923 does not specifically mention these items, however we believe the act is sufficiently broad in its provisions which relates to "Costs of prosecution and trial," to cover the expenses objected to by petitioner as being levied without statutory authority.

We can find no authority in the law to include the cost of the court stenographer and notes of testimony. Accordingly, the items appearing on the bill of costs, "Court Stenographer salary per day—$17.50" and "Court Stenographer notes of testimony—$76.50," making a total of $94, should be deducted from the bill of costs.

We recognize that in allowing this reduction of investigative expenses, the Commonwealth and public will suffer a loss and petitioner may be avoiding his fair share of the costs. However, the imposition of costs being a matter of statutory authority, the Commonwealth in imposing these costs must fully justify them. In this case the Commonwealth has failed to prove, by accurate accounting, the bill of costs filed against the petitioner. The Bucks County authorities admittedly did not keep accurate records of the investigation time spent on the activities of petitioner. In order to arrive at a fair and equitable apportionment, we have had to rely on estimates and guides which did not enable us to arrive at a result which is completely accurate.

Bearing in mind that the Commonwealth has the burden of justifying the costs chargeable to petitioner, and using the guides at our disposal, which admittedly are subject to inaccuracy, we have attempted, justly, to charge only those costs to defendant which have been substantiated by proof.

In conclusion, and in accordance with this opinion, the following summary is made:

Total bill of costs submitted. . . . . . . . . . . $5,489.68
Total investigation taxed . . . . . . . . . . . . . 4,167.80

Total court costs less investigation. . . . . . $1,321.88
Deduct fees of court reporter improperly assessed . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94.00

$1,227.88

Cost of Investigation (Ferris only) . . . . . . . . . . . . . . . $1,908.56
75 percent of $2,259.24 chargeable to Ferris. . . . . . . . . . . 1,694.43

Total cost of Ferris Investigation for 63 bills. . . . . . . . . . . . . . $3,602.99

46 percent of $3,602.99 for 29 indictments  $1,657.37

Total bill of costs chargeable to Ferris. . .  $2,885.25

In accordance with this opinion the bill of costs amounting to $5,489.68 should be reduced to $2,885.25.

*Order*

And now, March 10, 1959, for the foregoing reasons and in accordance with this opinion, the bill of costs is hereby reduced from $5,489.65 as taxed, to the sum of $2,885.25 which defendant is ordered to pay within

492

15 days from this date. Exceptions may be filed within 15 days from this date.